IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-00443-CNS-KLM

RAYMOND TODD SURFACE,

    Petitioner,

v.

VICTOR F. CIARDELLI, CEO, Guaranteed Rate, Inc. and
ROBERT CARUSO, CEO, ServiceMac, LLC,

    Respondents.

## ORDER

Before the Court is Petitioner's Motion for Temporary Restraining Order Without Notice (ECF No. 13) (TRO). The Court DENIES Petitioner's motion for the following reasons.

### I. BACKGROUND[1]

Petitioner is currently "homesteading" with his daughter at 8115 East Bethany Place, Denver, Colorado 80231 (the Residence) (ECF No. 1 at 3; ECF No. 13-1). Respondents appear to be the mortgage servicers with respect to the Residence (ECF No. 1 at 3). Petitioner filed this action on February 16, 2023, asserting that "Respondents, in cooperation with the Denver County Public Trustee, Paul López, are in the process of pirating property of a private trust by way [of] stealth deception, intimidation, coercion and libel" (*id.*). The Court understands Petitioner's

---

[1] The following facts are drawn from Petitioner's complaint (styled as a "Miscellaneous Filing & Repository") (ECF No. 1), as well as the TRO.

1

assertion here to mean that Respondents have wrongfully initiated state court proceedings to foreclose upon the Residence. Petitioner further asserts that "Respondents [are] presuming that the Petitioner is 'RAYMOND T SURFACE' a fictional person or United States person/citizen and owes a debt for executing a security instrument," to wit, the mortgage documents securing the Residence (*id.*). The Court understands this to mean that Petitioner wishes to distinguish his "natural person," who does not owe any mortgage debt, with the "fictional" or "legal person," who shares his name and does owe the debt.

On May 18, 2023, pursuant to C.R.S. § 13-40-104(1)(f),[2] Petitioner was served with a Demand for Possession indicating that title to the Residence had vested in Catamount Properties 2018, LLC following a foreclosure sale (ECF No. 13-1). The letter demanded that Petitioner vacate the Residence within ten days (*id.*).

Following receipt of the demand letter, Petitioner filed the instant TRO motion arguing, in a single page, that "the purpose of the counterclaim is for injunctive relief from attempts to of property seizure under the pretended authority of the unconscionable contract, specifically the domicile of he and his living [daughter]" (ECF No. 13 at 1) (errors in original). The motion itself contains no further argument or citation to legal authority. Based on the language of his attached proposed order, Petitioner apparently seeks to (i) restrain any Colorado district or county court "from holding any hearings or issuing any orders to remove/evict Petitioner and his living daughter from [the Residence] until judgement [sic] is reached in this case," and (ii) restrain Catamount

---

[2] This statute provides that "[a]ny person is guilty of an unlawful detention of real property" if the property "has been duly sold under any power of sale," title to the property "has been duly perfected," and the purchaser "has duly demanded the possession thereof."

Properties 2018, LLC "from moving to evict Petitioner from [the Residence] until judgement [sic] is reached in this case" (ECF No. 13-2).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes the court to enter preliminary injunctions and issue temporary restraining orders. Fed. R. Civ. P. 65(a), (b). "The requirements for issuing a [temporary restraining order] mirror the requirements for issuing a preliminary injunction." *Briscoe v. Sebelius*, 927 F. Supp. 2d 1109, 1114 (D. Colo. 2013). A party seeking preliminary injunctive relief must satisfy four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015). A party seeking an injunction must demonstrate that "all four of the equitable factors weigh in its favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013), and a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted." *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014). "Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018).

The Tenth Circuit specifically disfavors injunctions that will (1) alter the status quo, (2) mandate an affirmative act by the defendant, or (3) afford all the relief that the movant could expect to win at trial. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2004). A request for disfavored injunctive relief "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* (quoting

*O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004)). Accordingly, where a movant requests a disfavored injunction, the movant "must make a strong showing both on the likelihood of success on the merits and on the balance of the harms." *Colo. v. E.P.A.*, 989 F.3d 874, 884 (10th Cir. 2021) (quotation omitted).

### III.  ANALYSIS

As set forth above, in order to prevail on his TRO motion, Petitioner needed to have set forth specific facts demonstrating a likelihood of success on the merits, a likelihood of irreparable harm if the TRO were denied, that the balance of equities tips in his favor, and that a TRO is in the public interest. Yet, the bare language of Petitioner's motion asserts only three facts: (1) that "Respondents have moved forward with auctioning the home," (2) that the Denver County District Court and the Denver County Public Trustee "have granted a claim to the home to Catamount Properties 2018, LLC," and (3) that the home's apparent purchaser has "delivered a Demand for Possession" (ECF No. 13 at 1). Even construing these facts liberally,[3] they do not suffice to establish any of the required TRO factors.

The Court acknowledges and sympathizes with Petitioner's foreclosure and eviction predicament. However, in the absence of a showing of all four of the required TRO factors, the Court must deny a TRO.

### IV.  CONCLUSION

For the foregoing reasons, Petitioner's motion for a TRO is DENIED.

---

[3] In his complaint, Petitioner repeatedly insists that he "is not Pro Se and is not representing himself" (*see* ECF No. 1 at 3, 7). Regardless, because no attorney has entered an appearance on Petitioner's behalf, and because Petitioner has apparently filed the pleadings and motions in the case himself, the Court liberally construes Petitioner's filings and holds them to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018).

DATED this 1st day of June 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge