IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-00443-CNS-KLM

RAYMOND TODD SURFACE,

    Plaintiff

v.

VICTOR F. CIARDELLI, CEO, Guaranteed Rate, Inc. and
ROBERT CARUSO, CEO, ServiceMac, LLC,

    Defendants.

## ORDER

Before the court is Plaintiff's Motion for Default Judgment (ECF No. 21). The Court DENIES the motion for the following reasons.

### I. BACKGROUND

This action arises out of Plaintiff's effort to challenge state court proceedings to foreclose upon his residence. The relevant facts are set forth in this Court's prior orders (*see* ECF No. 20 at 1–2).

On May 11, 2023, Defendant Victor F. Ciardelli filed a Motion for Extension of Time to File an Answer or Otherwise Respond (ECF No. 8). The Court granted Defendant an extension of time to respond to the complaint, and Defendant timely filed a response on May 31, 2023 (ECF Nos. 17, 18). Plaintiff then filed a Motion for Default Judgment against Defendant Ciardelli on

1

June 13, 2023, asserting that Defendant Ciardelli failed to respond to the complaint (ECF No. 21 at 3).

## II. LEGAL STANDARD

Before filing a motion for default judgment, a party must file a motion for entry of default with the Clerk of Court. Fed. R. Civ. P. 55(a). Only after the Clerk of Court issues an entry of default may a plaintiff file a motion for default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2); *see also Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1119 n.4 (10th Cir. 2003) (distinguishing the Rule 55(a) entry of default from the Rule 55(b) grant of default judgment); *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment." (citation omitted)).

## III. ANALYSIS

Having considered Plaintiff's Motion for Default Judgment, the case file, and relevant legal authority, the Court denies Plaintiff's Motion for Default Judgment.

### A. The Motion is Procedurally Improper

To file a motion for default judgment, the Clerk of Court must first, on motion by the plaintiff, issue an entry of default. Fed. R. Civ. P. 55; *see also Watkins* 551 F. App'x at 958. Here, Plaintiff has not filed a motion for entry of default. Plaintiff has previously filed two other motions for default judgment in this case; these motions were stricken, and Plaintiff was twice informed that filing a motion for default judgment before the Clerk of Court has issued an entry of default is procedurally improper (*see* ECF Nos. 5, 10). Here, Plaintiff's third Motion for Default Judgment suffers from the same defect, and the Court DENIES the motion on that basis.

**B. No Legal Basis for a Motion for Default Judgment Against Defendant Ciardelli**

Separately, Plaintiff's Motion fails for the independent reason that Defendant Ciardelli timely responded to the complaint. Plaintiff filed his complaint on February 16, 2023. Rule 12(A)(i) requires a defendant to serve an answer within 21 days after being served with the summons and complaint. Plaintiff filed a Certificate of Service on April 26, 2023, which included a registered mail card stating delivery was made on April 17, 2023 (ECF No. 6). On May 11, 2023, Defendant Ciardelli filed a Motion for Extension of Time to File Answer or Otherwise Respond in which he alleged he only became aware of the mailing recently and promptly engaged counsel (ECF No. 8 at 2). Defendant Ciardelli requested an extension of 21 days, which the Court granted (ECF Nos. 8, 18). Defendant Ciardelli then timely filed a Motion to Strike on May 31, 2023 (ECF No. 17).

Because Defendant Ciardelli timely filed a response to Plaintiff's original filing, a motion for default judgment is not appropriate (ECF No. 22 at 2). *Robles v. Amarr Garage Doors*, 509 F. App'x 741, 743–44 (10th Cir. 2013) (affirming lower court ruling denying motion for default judgment where the defendant was granted an extension of time to file an answer and the defendant filed a motion to dismiss within the extended time permitted).

## IV. CONCLUSION

Consistent with the above analysis, Plaintiff's Motion for Default Judgment (ECF No. 21) is DENIED.

DATED this 20th day of July 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

4